Fred J. Munder, J.
In this proceeding under article 78 of the Civil Practice Act the petitioner seeks an order annulling the determination of the Town Board which denied petitioner’s application to operate a private club with bathing pool and recreational facilities within a “ B ” Residence district. The ordinance provision under which the application was made is article IV, section B-l, subdivision 10.3 and it authorizes among permitted uses in a “B” Residence district ‘‘ Private Clubs when authorized by the Town Board, as a special exception, after a public hearing ”.
The determination by the Town Board was an administrative one in which it exercised discretion. It is reviewable as to reasonableness by the court. (Matter of Rothstein, 6 N Y 2d 728.) It must be determined whether there exists a fair basis in the record for any of the reasons ascribed by the board for its action. If one of its reasons is so supported its determination may not be annulled.
Some of the reasons assigned are untenable. For instance:
(2) That because the petitioner intends to change its name the membership of this club will not be restricted to the area originally indicated by its name. There is nothing either in the zoning provision or any rule of reason that would require that a private club should have a limitation of the area in which its membership resides.
(b) That some of the buildings would require alterations in order to meet State regulations. The fact that the buildings proposed to be used by the club do not presently conform to building requirements simply means that before they can be so used they must be altered to conform.
(c) That the roadway in front of the premises is an ‘ ‘ extremely narrow ’ ’ public highway. The record indicates it to be an ordinary 50-foot road though not improved to its full width.
The assumption that the petitioner, a membership corporation, intends to operate a commercial venture is completely without basis in the record. If, as a special accommodation to its members some extra services are afforded, such as supervised activities for their children, it does not destroy the nonprofit character of the association that a charge is made for such special service. To be commercial in character the service must be one offered to the public at large. This is true also of the snack bar, and if, although there is ho such indication in the record, it is intended to extend the facilities to provide restaurant service for members.
*989 The finding as to adequacy of parking facilities is unjustified. The engineer stated at the hearing that a designated parking area was provided in the plan for about 60% of the members with provision to accommodate an additional 60 vehicles. There is no ordinance requirement as to off-street parking but, assuming such a requirement to be reasonable, the provision for 90% of the membership of a private club should suffice. It would be an extraordinary event that would attract any greater number at one time and to require a capacity to accommodate every possible and unusual contingency is more than should reasonably be required. Furthermore, the petitioner offered to covenant a limitation of its membership to 200 and to give any other reasonable assurance required by the Town Board for the granting of the permit.
The board’s observation that this use would destroy the rural, bucolic atmosphere of the subject premises and its immediate vicinity without regard to the present, existing and probable future development of the Town of Oyster Bay and would not be in accordance with the present proposed comprehensive zoning plan for the entire town, completely ignores the fact that the ordinance itself contemplates that private clubs will exist in “ B ” Residence districts and for them there is no area restriction such as is provided with respect to a golf club (50 acres) or a private ice-skating or ski club (5 acres).
In its preamble statement the board stated that one of the bases for its decision was ‘1 the information of the members of this Board concerning the instant application, which information was obtained both before, during and after the aforesaid hearing ’ ’. Such private information not disclosed in its determination could not be considered on this application.
I conclude that the denial of the petitioner’s application was arbitrary and unreasonable and that it should be annulled and set aside and the board directed to grant the permit applied for.
Submit order on notice.